**GULF, M. & O. R. CO.**
v.
**LOUISIANA PUBLIC SERVICE
COMMISSION et al.**
Civ. A. No. 1343.

United States District Court
E. D. Louisiana, Baton Rouge Division.

April 9, 1954.

Curtis, Foster, & Dillon, New Orleans, La., Y. D. Lott, Mobile, Ala., John C. Foster, Gerard M. Dillon, New Orleans, La., for complainant.

Fred S. LeBlanc, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., of Louisiana, C. Ellis Ott, Henry N. Richardson, Bogalusa, La., for defendants.

Before BORAH, Circuit Judge, and CHRISTENBERRY and WRIGHT, District Judges.

WRIGHT, District Judge.

The plaintiff railroad discontinued the operation of its passenger trains Nos. 1 and 2 between Slidell, Louisiana, and

New Orleans, Louisiana, without having obtained authority from the Louisiana Public Service Commission or the Interstate Commerce Commission. The Louisiana Public Service Commission ordered the service between these two points restored, and the railroad is asking this court for an injunction restraining the enforcement of the order on the ground that the Louisiana Commission is without jurisdiction, and on the further ground that compliance with the order would deprive the railroad of its property without due process of law and deny it equal protection of the law in violation of the 14th Amendment of the United States Constitution. The railroad also alleges that the order is in violation of Article 1, Sections 2 and 5, and Article 6 of the Constitution of the State of Louisiana.

The defendants have moved to dismiss on the ground that the Louisiana Commission had authority to issue the order restoring the service and that since adequate appeal therefrom to the state courts is provided by Louisiana law, this court, though having jurisdiction, should not exercise it as a matter of sound equitable discretion.

From 1935 until February 1, 1954 the railroad, an interstate as well as an intrastate carrier, operated its passenger trains Nos. 1 and 2 from Jackson, Tennessee, through the State of Mississippi to New Orleans, Louisiana. As of February 22, 1954 the operation of these trains through the State of Mississippi was discontinued and authority for that discontinuance was subsequently obtained on March 18, 1954 from the Mississippi Public Service Commission. On February 20, 1954 the railroad filed with the Louisiana Public Service Commission a petition for authority to discontinue the operation of its passenger trains Nos. 1 and 2 between the Louisiana-Mississippi state line and Slidell, Louisiana. It was the intention of the plaintiff at that time to discontinue all operations of these trains in the State of Louisiana, including the operation between Slidell and New Orleans. Refer-

ence to the railroad's intention to discontinue the operation of the trains between Slidell and New Orleans was contained in its application filed with the Louisiana Public Service Commission, though no permission for the discontinuance of the trains between Slidell and New Orleans was sought for the reason that it was the railroad's position that jurisdiction over this part of the line was in the Interstate Commerce Commission and not the Louisiana Public Service Commission. The railroad's position in this regard is predicated on the fact that the discontinuance of the trains between Slidell and New Orleans would result in the termination of certain lease of trackage agreements and the complete abandonment by it of four and one-half miles of the line from Terminal Junction to the Canal Street Station in New Orleans. The railroad would continue to use the balance of the line between Terminal Junction and Slidell for its freight traffic.

 Under Section 1(18–20) of the Interstate Commerce Act, 49 U.S.C.A. § 1(18–20), the Interstate Commerce Commission has exclusive authority over abandonment of a line of railroad by a carrier. State of Colorado v. United States, 271 U.S. 153, 46 S.Ct. 452, 70 L. Ed. 878. Where, however, the railroad is merely discontinuing a portion of its service, whether it be passenger or freight, there is no abandonment under Section 1(18–20), State of Colorado v. United States, supra, and the Interstate Commerce Commission has held that it has no authority under 49 U.S.C.A. § 1(18–20) to authorize a partial discontinuance of intrastate service. Kansas City Southern Railroad Co., 94 I.C.C. 691; New York Central Railroad Co. Abandonment, 254 I.C.C. 745, 765. In the case at bar, therefore, the question of jurisdiction of the Interstate Commerce Commission under Section 1(18–20) is presented only as to the four and one-half miles of line between Terminal Junction and the Canal Street Station.

The Louisiana Commission scheduled a hearing on the railroad's petition of

February 20, 1954 to discontinue the operation of passenger trains Nos. 1 and 2 between the Louisiana-Mississippi state line and Slidell, Louisiana, on March 25, 1954. In the meantime on March 8, 1954 the railroad discontinued the service between Slidell and New Orleans. Three days thereafter the railroad applied for permission from the Interstate Commerce Commission to abandon the line between Terminal Junction and the Canal Street Station. Final action on this request has not been taken by the Interstate Commerce Commission. Gulf, Mobile and Ohio Railroad Company, I.C.C. Finance Docket No. 18,845.

On March 17, 1954 the Louisiana Public Service Commission issued its citation requiring the railroad to show cause on March 25, 1954 why it should not be required to reinstate the operation of its passenger trains Nos. 1 and 2 between Slidell, Louisiana, and New Orleans, Louisiana, and on March 25, 1954 the Commission issued its order which is the subject of these proceedings requiring the restoration of the service.

■ Before the Louisiana Public Service Commission, the railroad took the position that the Commission was without jurisdiction to issue its order of March 25th. And the disposition of the case here will turn on that issue. If the Commission had jurisdiction to issue the order, a review of that order should be sought through the state courts, and this court, though having jurisdiction, must refuse to exercise it as a matter of equitable discretion. Alabama Public Service Commission v. Southern Railway Co., 341 U.S. 341, 71 S.Ct. 762. On the other hand, if the Louisiana Commission is without jurisdiction in the premises, and jurisdiction thereof is in the Interstate Commerce Commission, this court must protect that jurisdiction under the Commerce Clause of the Constitution of the United States. Art. 1, Sec. 8, United States Constitution.

There can be no doubt that the facts of this case are almost identical with the facts of the Alabama case. There the railroad sought to enjoin an order of the Alabama Commission requiring it to operate certain local intrastate trains on the ground that the order would deprive the railroad of property without due process of law and deny it equal protection of the law. The Supreme Court held that the regulation of intrastate railroad service is "primarily the concern of the state." State of North Carolina v. United States, 325 U.S. 507, 511, 65 S.Ct. 1260, 1263, 89 L.Ed. 1760; Palmer v. Commonwealth of Massachusetts, 308 U.S. 79, 60 S.Ct. 34, 84 L.Ed. 93. And Congress has provided "That nothing in the [Interstate Commerce Act] shall impair or affect the right of a state in the exercise of its police power to require just and reasonable freight and passenger service for intrastate business, except insofar as such requirement is inconsistent with any lawful order of the [Interstate Commerce Commission]. 49 U.S.C.A. § 1(17)(a).

It would seem, therefore, that the Louisiana Commission did have authority to issue the order of March 25th, unless it can be shown that order is inconsistent with a lawful order of the Interstate Commerce Commission. No such order of the Interstate Commerce Commission has even been suggested. In fact, the record shows that all of the lease of trackage agreements [1] involved in the operation of the trains in question between Slidell and New Orleans, Louisiana, have been specifically approved by the Interstate Commerce Commission, including the trackage agreement, to which plaintiff railroad is a party, covering the approaches to the new passenger terminal in New Orleans. New Orleans Great Northern Railroad Company Acquisition and Securities, 193 I.C.C. 349; Gulf, Mobile and Ohio Railroad Company Merger, Etc., 236 I.

---

1. Under Section 5(2) (a) (ii) of the Interstate Commerce Act, 49 U.S.C.A. § 5(2) (a) (ii), such agreements are subject to approval of the Interstate Commerce Commission.

C.C. 61; New Orleans Union Passenger Terminal Case, 267 I.C.C. 763. If further amendment of these agreements is required, approval therefor may be obtained from the Interstate Commerce Commission without affecting the intrastate jurisdiction of the Louisiana Commission. Atchison, Topeka & Santa Fe Railway v. Railroad Commission of State of California, 283 U.S. 380, 51 S.Ct. 553, 75 L.Ed. 1128.

In its effort to oust the jurisdiction of the Louisiana Commission, the railroad relies primarily on Section 1(18) of the Interstate Commerce Act, 49 U.S.C.A. § 1(18), which provides: "* * * no carrier by railroad subject to this chapter shall abandon all or any portion of a line of railroad, or the operation thereof, unless and until there shall first have been obtained from the Commission a certificate that the present or future public convenience and necessity permit of such abandonment." The railroad argues that the effect of discontinuing trains Nos. 1 and 2 between Slidell and New Orleans has been to abandon, within the intendment of Section 1(18), its entire operation on the four and one-half miles of line from Terminal Junction to the Canal Street Station and that only the Interstate Commerce Commission can approve or disapprove that abandonment.

It is true that the Interstate Commerce Commission has exclusive jurisdiction over the abandonment by a carrier of operations on a line of railroad. State of Colorado v. United States, supra. However, it comes in very poor grace from this railroad to champion the jurisdiction of the Interstate Commerce Commission while flouting its authority by actually abandoning its operation on a portion of a line without having first obtained a certificate so to do from the Commission as required by law. It would seem that where Section 1(18) of the Act provides that no carrier by railroad shall abandon any portion of its operation on a line without first obtaining a certificate from the Commission, such provision includes this railroad, no special dispensation having been shown. Certainly the railroad's position in a court of equity is a very unhappy one. It is praying for a federal injunction while standing in violation of a federal statute.

■ It is not necessary, however, to use the equitable doctrine of "unclean hands" in the disposition of this case. In the contemplation of the law the railroad cannot abandon operations on any part of its line without prior permission from the Interstate Commerce Commission. Consequently, the Louisiana Public Service Commission was justified in disregarding the railroad's abortive attempt to abandon the line between Terminal Junction and the Canal Street Station in determining its jurisdiction to require the railroad to restore the service between Slidell and New Orleans. When the railroad stood before the Louisiana Commission on March 25th, it had approval from the Interstate Commerce Commission for all the trackage agreements necessary to perform the service in question. As a matter of law, it had not abandoned its operation between Terminal Junction and the Canal Street Station. Therefore, the simple issue to be determined by the Louisiana Commission was whether or not the railroad should be required to use the facilities available to it in rendering the intrastate service, a local service between points within the jurisdiction of the Commission. The Louisiana Public Service Commission undoubtedly had jurisdiction to make that determination and to render the order of March 25th. Alabama Public Service Commission v. Southern Railway Co., supra; State of North Carolina v. United States, supra; Palmer v. Commonwealth of Massachusetts, supra; The Minnesota Rate Cases, (Simpson v. Shepard) 230 U.S. 352, 33 S.Ct. 729, 57 L.Ed. 1511; Atlantic Coast Line Railroad Co. v. North Carolina Corporation Commission, 206 U.S. 1, 27 S.Ct. 585, 51 L.Ed. 933.

■ Since the Louisiana Commission had authority to render the order of March 25th requiring the railroad to

254

restore the local passenger service between Slidell and New Orleans, and since the law of Louisiana provides for an adequate review by the state courts of that order,[2] this court, as a matter of equitable discretion, should stay its hand and refuse to exercise its jurisdiction. Alabama Public Service Commission v. Southern Railway Co., supra.

Judgment accordingly.

2. Section 5 of Article 6 of the Constitution of Louisiana provides for a review of all orders of the Louisiana Public Service Commission by the state trial court at the domicile of the Commission with a direct appeal to the Supreme Court of the state. Unlike the Alabama statute providing for appeal from orders of the Alabama Public Service Commission, the review in the Louisiana courts is not limited to the record before the Commission.